IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PHILLIP ROBINETTE,                    §
                                      §
            Petitioner,               §
                                      §
v.                                    §        Civil Action No. 4:18-CV-561-O
                                      §
ERIC WILSON, Warden,                  §
FMC-Fort Worth,                       §
                                      §
            Respondent.               §

## OPINION AND ORDER

Before the Court is a purported petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241 filed by Petitioner, Phillip Robinette, a federal prisoner confined at FMC-Fort Worth, against

Eric Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief

sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject

matter jurisdiction.

## I. BACKGROUND

In July 2010, in the United States District Court for the Eastern District of Texas, Case No.

4:09-cr-00070-010, Petitioner pleaded guilty to one count of conspiracy to possess with intent to

distribute or dispense methamphetamine and gamma hydroxybutyrate ("GHB") and was sentenced

to a 240-month term of imprisonment.[1] Resp't's App. 1-2, ECF No. 10.

By way of this petition, Petitioner asserts that his trial counsel was ineffective by failing to

investigate his case and subject the prosecution's case to meaningful adversarial testing. Pet. 3, 5,

ECF No. 1. More specifically, he contends that based on alleged newly discovered evidence, had

---

[1]His sentence was subsequently reduced to a term of 235 months. Order, United States v. Robinette, Criminal
Docket for Case #: 4:09-cr-00070-MAC-CAN-10, ECF No. 411.

counsel "given any effort she would have found that the federal government used [his] state case evidence to prosecute [him], however the state case was dismissed because of no search warrant, fruit from the poisonous tree." *Id.* at 3. He urges that the evidence was therefore tainted and could not have been used in his federal case against him. *Id.* at 12-15. Absent that evidence, he asserts that he is actually innocent and that he would not have pleaded guilty and, instead, would have elected to go to trial. *Id.* at 4-5; Objs. 2, ECF No. 11.

Petitioner filed a prior successive § 2255 motion in the convicting court raising the claims presented herein, which was dismissed without prejudice, subject to authorization from the Fifth Circuit Court of Appeals. Resp't's App. 18. The Fifth Circuit denied Petitioner's motion for such authorization based on his failure to meet the requirements of § 2255(h). 28 U.S.C. § 2255(h).[2] Respondent asserts that Petitioner is not entitled to relief under § 2241 and that the petition should be dismissed for lack of jurisdiction. Resp't's Resp. 1-7.

## II. DISCUSSION

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner

---

[2]Section 2255(h) provides:

(h) A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain——

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner does not raise a savings-clause argument, and it is clear that he cannot meet the three requirements from the face of the petition. Section 2255(h) provides the actual-innocence exception to bringing a second or successive § 2255 motion and that exception does not relate in any way to a prisoner's ability to bring a § 2241 petition. Petitioner's prior unsuccessful § 2255 motion and his inability to satisfy the successive requirements in § 2255(h) do not entitle him to proceed under § 2241 without meeting the requirements of the savings clause. *See Jeffers,* 253 F.3d at 830; *Pierre v. Justice,* 222 Fed. App'x 415, 2007 WL 760845, at *1 (5th Cir. Mar. 12, 2007). Because Petitioner's challenge to his conviction and sentence does not fall within the savings clause of § 2255(e), it is not cognizable in a § 2241 petition. The Court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003).

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of

appealability is **DENIED.**

**SO ORDERED** on this 3rd day of June, 2019.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**